United States District Court
Southern District of Texas
**ENTERED**
February 19, 2026
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | | |
|---|---|---|
| **ALEKSANDR TOPILIN,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00234** |
| | § | |
| **KRISTI NOEM, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

### ORDER

Pending before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), brought by next of friend Anastasiia Topilina on behalf of Petitioner Aleksandr Topilin ("Petitioner"). Petitioner lists as Respondents the Superintendent of the Rio Grande Detention Center, the Secretary of the Department of Homeland Security, and the Director of U.S. Immigration and Customs Enforcement. (Dkt. 1 at 1.)

Having reviewed the Petition, Respondents are hereby **ORDERED** to show cause and submit a response to the Habeas Petition, (Dkt. 1) and serve it on Petitioner via mail by any receipted means no later than **February 25, 2026,** which is between the three-to-twenty-day time period contemplated by 28 U.S.C. § 2243. The Court advises the Respondents that if no response is received, the Court may treat the petition as unopposed. Petitioner may submit a reply to Respondents' Response on or before **March 4, 2026**.

Additionally, on November 25, 2025, the Central District of California certified a national class in *Maldonado Bautista v. Santacruz*, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025):

**Bond Eligible** Class: All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be

apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

*Maldonado Bautista*, 2025 WL 3288403, at *1. The Central District of California extended to the Bond Eligible Class as a whole the declaratory relief it had previously granted: that the Department of Homeland Security Policy of mandatory detention for all applicants for admission under § 1225 is unlawful. *Maldonado Bautista*, 2025 WL 3288403, at *9. On December 18, 2025, the *Maldonado Bautista* court entered a final judgment. *Maldonado Bautista et al v. Santacruz*, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). The declaratory judgment held that the Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and thus may not be denied consideration for release on bond under § 1225(b)(2)(A). *Id*. In light of this development, the Court hereby **ORDERS** the Respondents to address: (1) whether Petitioner is a member of the nationally certified Bond Eligible Class; and (2) what affect if any the declaratory relief granted in *Maldonado Bautista v. Santacruz* has on Petitioner's claims before the Court. Specifically, if the Respondents argue that the Fifth Circuit's ruling in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026) supersedes the class-action judgment, they must address the Supreme Court's holding that the preclusive effect of a final judgment on the merits is not altered "by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).

The Clerk of Court is **DIRECTED** to serve copies of the Petition, (Dkt. 1), and this Order on Respondents via certified mail.

Respondent U.S. Department of Homeland Security Secretary Kristi Noem or her designee

may be served at:

> **U.S. Department of Homeland Security**
> **Office of General Counsel**
> **245 Murray Lane SW**
> **Mail Stop 0485**
> **Washington, D.C. 20528**

Respondent Director for U.S. Immigration and Customs Enforcement Todd Lyons, or his

designee may be served at:

> **U.S. Immigration and Customs Enforcement**
> **500 12th St., SW**
> **Washington, D.C. 20536**

Respondent Warden of the Rio Grande Processing Center, or his designee may be served

at:

> **Warden of the Rio Grande Processing Center**
> **1001 San Rio Blvd**
> **Laredo, TX 78046**

The Clerk of Court is **DIRECTED** to e-mail a copy of the Petition, (Dkt. 1), and this Order

to the following email addresses: usatxs.civilnotice@usdoj.gov, Daniel.Hu@usdoj.gov, and

Hector.Ramirez@usdoj.gov.

Finally, the Clerk of Court is **DIRECTED** to mail a copy of this Order to Petitioner and

Petitioner's Next of Friend by any receipted means at the following addresses:

> **Aleksandr Topilin**
> **A-241-028-831**
> **1001 San Rio Blvd.**
> **Laredo, TX 78046**

> **Anastasiia Topilina**
> **5800 Hamilton St., Apt. 79**
> **Sacramento, CA 95842**

Additionally, in order to maintain the status quo while the Court considers Petitioner's habeas petition and to preserve this Court's jurisdiction, it is further **ORDERED** that Respondents may not transfer Petitioner outside of this Court's jurisdiction while the matter remains pending. *See Alves v. U.S. Dep't of Just.*, 2025 WL 2629763, at *5 (W.D. Tex. Sept. 12, 2025).

IT IS SO ORDERED.

SIGNED this February 18, 2026.

Diana Saldaña
United States District Judge