UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **ALEKSANDR TOPILIN,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-CV-00234 |
| | § | |
| **KRISTI NOEM,** *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Pending before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), filed by next of friend Anastasiia Topilina on behalf of her husband Aleksandr Topilin ("Petitioner") challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS).

Petitioner filed his Petition for Writ of Habeas Corpus through his next of friend on February 18, 2026. (Dkt. 1.) Petitioner is a native and citizen of Russia. (Dkt. 13 at 2.) He entered the United States on April 18, 2023, at the San Ysidro, California port of entry through the CBP One program and was placed in expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1). (*See id.*; Dkt. 1 at 2.) Petitioner was subsequently released from custody and issued a Notice to Appear (NTA) placing him into removal proceedings. (Dkt. 13 at 2.) On November 1, 2025, Petitioner was encountered and detained in Laredo, Texas. (*See id.*; Dkt. 1 at 2.) He was transferred to the Rio Grande Detention Center in Texas where he remains currently detained. (Dkt. 1 at 2; Dkt. 13 at 2.) Petitioner argues he is being unlawfully detained in violation of his rights under the

Due Process Clause of the Fifth Amendment. (Dkt. 1 at 2–3.) He asks the Court to order his immediate release or in the alternative, provide him with a bond hearing. (*Id*. at 3–4.)

The Court ordered the Respondents to respond to Petitioner's petition. (Dkt. 6.) Respondents filed a timely response arguing that that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1) because he is a noncitizen who presented himself at a port of entry, was placed into expedited removal proceedings, and was later released from custody and then reapprehended.[1] (Dkt. 13 at 3–4.) Respondents also argue in the alternative that if the Court does not find that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1), Petitioner's detention instead falls under the "catchall provision" in 8 U.S.C. § 1225(b)(2) that also mandates detention for all applicants for admission. (*Id.*)

On February 6, 2026, the United States Court of Appeals for the Fifth Circuit addressed the dispute over the statutory interpretation of 8 U.S.C. § 1225(b)(2)'s mandatory detention provision in *Buenrostro-Mendez v. Bondi*, — F.4th —, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). In the precedential decision, the Fifth Circuit determined that noncitizens apprehended in the interior who entered without inspection are "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore are not entitled to bond hearings under 8 U.S.C. § 1226(a). *Id.* at *4. The decision was limited to the statutory interpretation of the applicable provisions and left unresolved other claims brought by petitioners challenging their mandatory detention, including constitutional questions under the Due Process Clause. *Id.* at *9.

---

[1] Respondents do not indicate the way in which Petitioner was initially released from custody in their Response, however the Court assumes that Petitioner was paroled from custody because, with the exception of temporary parole under 8 U.S.C. § 1182(d)(5)(A), "there are no other circumstances under which aliens detained under [Section] 1225(b) may be released." *Jennings v. Rodriguez*, 583 U.S. 281, 300 (2018).

Upon review of Petitioner's case, the Court finds that Petitioner's due process claim presents nearly identical legal questions to those previously considered by the Court in *Strunin v. Garcia*, 5:26-cv-00106, Dkt. No.27 (S.D. Tex. Mar. 3, 2026), in which the Court determined that the petitioner's redetention by ICE violated his rights under the Due Process Clause. Because Petitioner's legal claims are materially indistinguishable from those considered by the Court in *Strunin* and because Respondents have failed to offer controlling precedent or reasoning that would justify reaching a different result in this case, the Court is unpersuaded to alter its prior analysis of the issue. In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who was paroled into the United States and has since established ties through his residency, the Due Process Clause of the Fifth Amendment guarantees Petitioner an individualized assessment of his flight risk and dangerousness and an opportunity to respond prior to redetention by ICE. This conclusion is further supported by the growing number of district courts that have likewise found that mandatory redetention of noncitizens who have been granted parole and subsequently established a presence in the United States violates their procedural due process rights. *See, e.g.*, *Torres v. Hermosillo*, 2026 WL 145715, *5 (W.D. Wash. Jan. 20, 2026) (collecting cases); *Rincon v. Hyde*, 2025 WL 3122784, *2 (D. Mass. Nov. 7, 2025); *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 147, 151 (W.D.N.Y. 2025); *Rodriguez v. Bondi*, 3:26-cv-292 (W.D. Tex. Feb. 25, 2026).

Thus, the Court holds that because Petitioner's detention violates his rights under the Due Process Clause of the Fifth Amendment, he is entitled to equitable relief and that the appropriate remedy is Petitioner's immediate release from custody with additional safeguards against redetention.

## CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED**. Respondents' Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkts. 13), is **DENIED**.

1. Respondents are **ORDERED** to **RELEASE** Petitioner from custody immediately, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release within 24 hours of the date of this Order.

2. **Respondents must return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention and provide Petitioner with a copy of this Order upon his release from custody.**

3. If Petitioner is redetained, all applicable regulations and procedures must be followed, including that Petitioner be afforded an individualized assessment of Petitioner's flight risk and dangerousness as guaranteed under the Due Process Clause of the Fifth Amendment.

4. Within two weeks of the date of this Order, Respondents shall **FILE** an advisory with the Court indicating whether Respondents oppose entry of a final judgment in this case.

Finally, the Clerk of Court is DIRECTED to mail a copy of this Order to Petitioner's next of friend by any receipted means at the following address:

Anastasiia Topilina
5800 Hamilton St., Apt. 79
Sacramento, CA 95842

IT IS SO ORDERED.

SIGNED this March 6, 2026.

_____
Diana Saldaña
United States District Judge